IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLY NICHOLS,                                    CV 04-1200-MA

        Plaintiff,                                 OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

MARTIN R. COHEN
P.O. Box 1229
4040 Douglas Way
Lake Oswego, OR 97035
(503) 635-5903

JEFFREY L. OLSON
4500 Kruse Way, Suite 100
Lake Oswego, OR 97035
(503) 635-9696

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
CRAIG J. CASEY
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1024

1  - OPINION AND ORDER

THOMAS M. ELSBERRY
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2112

    Attorneys for Defendant

MARSH, Judge.

    Plaintiff filed a civil action for judicial review of a final decision of the Commissioner denying her application for supplemental security income benefits (SSI) under Title II of the Social Security Act, 42 U.S.C. §§ 1381-83f.  Plaintiff alleges the Administrative Law Judge (ALJ) erred in finding she is not entitled to benefits.  Plaintiff seeks an order reversing the Commissioner's decision and remanding the matter for an award of SSI.  The Commissioner contends her decision is based on substantial evidence and is free from legal error.  The Commissioner, therefore, requests the Court to affirm her decision.

    This court has jurisdiction pursuant to 42 U.S.C. § 405(g).  For the following reasons, I **AFFIRM** the final decision of the Commissioner.

## BACKGROUND

    Plaintiff applied for SSI on February 12, 2001, alleging she has been disabled since January 20, 1998.  Her application was denied initially and on reconsideration.  Plaintiff requested a

hearing before an Administrative Law Judge (ALJ). The ALJ conducted a hearing on February 19, 2004.

On March 26, 2004, the ALJ found plaintiff is capable of performing substantial gainful activity in jobs that exist in significant numbers in the national economy and, therefore, she is not under a disability.

The ALJ's decision became the final decision of the Commissioner on August 2, 2004, when the Appeals Council denied plaintiff's request for review.

## **LEGAL STANDARDS**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere

3 - OPINION AND ORDER

scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000).  "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."  Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 416.920.  The claimant bears the burden of proof at steps one through four.  See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

Here, at Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since the onset of her alleged disability. See 20 C.F.R. § 416.920(b).

At Step Two, the ALJ found plaintiff has severe physical and psychological impairments, including fibrositis, personality disorder, and panic disorder with agoraphobia. 20 C.F.R. § 416.920(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments do not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." 20 C.F.R. § 416.920(d).

At Step Four, the ALJ found plaintiff's physical and psychological impairments cause moderate limitations in social and/or occupational functional that preclude her from performing her past relevant work, which included semi-skilled sedentary to medium jobs as a bookbinder, food sales worker, clothes sorter, and telemarketer. 20 C.F.R. § 416.920(e) and (f).

At Step Five, the ALJ, however, found plaintiff retains the residual functional capacity to perform simple, routine, repetitive, light exertion work with little, if any public contact. The ALJ found jobs such as packaging inspector and

folder meet that criteria and exist in substantial numbers in the national economy. 20 C.F.R. § 416.920(f).

Accordingly, the ALJ found plaintiff is not disabled. 20 C.F.R. § 416.920(f).

### DISCUSSION

When the ALJ issued his decision, plaintiff was 36 years old. She has an eighth grade education. Her work history is not extensive, and has involved short stints in various sedentary semi-skilled jobs. She last reported any earnings in 1992. She has four children from a former marriage. By history, she and her ex-husband had a "tumultuous" violent relationship during which the ex-husband sexually abused her and her children. Three of the children live with her, and the fourth, a 16 year old daughter, "lives on the streets."

The ALJ found and the record reflects plaintiff suffers from severe mental impairments, including post-traumatic stress disorder and panic disorder with agoraphobia (fear of being in public places), and physical impairments, including fibrositis, which "cause significant vocationally relevant limitations." The central issue in this case is whether those impairments, however, are severe enough to cause plaintiff to be unable to engage in any substantial gainful activity.

Plaintiff argues the ALJ erred by rejecting without sufficient reason plaintiff's testimony, the testimony of

plaintiff's friends, and parts of the psychological evaluation of examining psychologist, Jeff Guardabalene, Psy.D.  Plaintiff also argues the ALJ incorrectly evaluated plaintiff's testimony as to her ability to perform work-related activities, improperly relied on vocational expert testimony based on an incomplete hypothetical question, and made findings that were not supported by substantial evidence in the record.  For the following reasons, I reject each of plaintiff's arguments.

1.  **Plaintiff's Testimony.**

Plaintiff alleges the ALJ failed to give sufficient reasons to support his decision not to credit her testimony regarding the extent of her claimed disability, even though the ALJ "generally" found plaintiff to be credible.  I disagree.

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" (the *Cotton* test).  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)).  See also Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).  The claimant need not produce objective medical evidence of the symptoms or their severity.  Smolen v. Chater, 80 F.3d 1276, 1281-82 (9th Cir. 1996).

If the claimant has met the standards set out in the Cotton test and there is no affirmative evidence to suggest the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of his symptoms. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). See also Smolen, 80 F.3d at 1283.

To determine whether the claimant's subjective testimony is credible, the ALJ may rely on (1) ordinary techniques of credibility evaluation such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Id. at 1284 (citations omitted).

Contrary to plaintiff's argument, I conclude the ALJ gave valid reasons for not entirely crediting plaintiff's testimony regarding the extent of her disabilities. First, the ALJ noted accurately the medical history, as a whole, reflects plaintiff's residual function limitations were "mild" to "moderate" in degree. See AR 192, 206 (Mental Residual Functional Capacity Assessment). Second, clinical psychologist Gary Sacks, Ph.D., found plaintiff's "most significant vocational impediment appears to occur from Panic Disorder with Mild Agoraphobia," accompanied

by a "language based learning disorder" that might limit the potential range of jobs to those that "allow her to work with her hands." AR 274. Finally, although Dr. Guardabalene made multiple diagnoses, including panic disorder with agoraphobia (provisional), pain disorder, personality disorder with borderline and histrionic features, and fibromyalgia, he also diagnosed malingering (provisional),[1] which "clouded" the credibility of the medical history and symptoms plaintiff presented, and upon which he based his diagnoses. The ALJ may properly reject a social security claimant's testimony if there is evidence of malingering. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003).

On this record, I conclude the ALJ gave clear and convincing reasons for his decision not to credit plaintiff's testimony specifically regarding the severity of her disability. In any event, the evidence of malingering, standing alone, was sufficient to justify the ALJ's rejection of some of plaintiff's testimony.

---

[1] A "provisional diagnosis" means there is a "strong presumption" for the diagnosis, even if the evidence is insufficient for a "firm diagnosis." See Diagnostic & Statistical Manual of Mental Disorders, at 3-4, DSM-IV, American Psychiatric Ass'n (4th Ed., 1994).

**2. Testimony of Plaintiff's Friends.**

Plaintiff asserts the ALJ improperly rejected the testimony of her friends, Stephen McCauley and Chris Amick, who gave evidence regarding their observations of plaintiff's mental state, physical impairments, and daily activities that tended to support the existence of those impairments.

The record, however, reflects that the ALJ did not reject their evidence. On the contrary, he found the evidence was credible, but not determinative on the specific issue of plaintiff's ability to work notwithstanding her physical and mental limitations. The ALJ also noted the lay witness evidence tended to support a finding that plaintiff's physical and mental condition improved when she took her medications as prescribed.

"If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). "Although courts have upheld the use of lay testimony in some instances, it is not the equivalent of 'medically acceptable ... diagnostic techniques' that are ordinarily relied upon to establish a disability. Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).

As noted, I conclude the ALJ did not reject the lay witness testimony. Indeed, the testimony corroborated the ALJ's finding

10 - OPINION AND ORDER

that plaintiff has severe physical and mental impairments. The ALJ, however, quite properly placed greater reliance on the medical evidence in the record, rather than lay witness evidence, in determining whether the severity of plaintiff's impairments rendered her disabled. Moreover, the record as a whole supports the ALJ's finding that plaintiff's condition generally stabilized when she took the medications prescribed for her. See e.g., AR 163, 177, 224.

### 3. **Rejection of Parts of Dr. Guardabalene's Evaluation.**

Psychologist Jeff Guardabalene, Psy.D., evaluated but did not treat plaintiff in January, 2003. After interviewing plaintiff and performing a battery of intelligence, memory, and personality tests, Dr. Guardabalene made provisional diagnoses of panic disorder with agoraphobia, malingering, and pain disorder associated with psychological factors. He also diagnosed personality disorder with borderline and histrionic features, fibromyalgia, based on plaintiff's subjective complaints. Dr. Guardabalene assigned a global assessment of functioning (GAF) score of 45 on a scale of 0-100.[2] Such a low score indicates "serious symptoms or any serious impairment in social, occupational, or school functioning." Consistent with the low GAF score, Dr. Guardabalene noted plaintiff's "prognosis for

---

[2] See Diagnostic & Statistical Manual of Mental Disorders, DSM-IV, American Psychiatric Ass'n (4th Ed., 1994)

11 - OPINION AND ORDER

sustaining conventional employment is poor, based upon [plaintiff's] personality and her history of emotional overreaction to stressors and interpersonal conflict." AR. 264.

Plaintiff asserts the ALJ erred by giving little weight to Dr. Guardabalene's GAF score. In Lester v. Chater, the court stated,

> The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician. As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.

81 F.3d 821, 830-31 (9th Cir. 1996)(internal citations omitted).

The ALJ found Dr. Guardabalene's GAF score was inconsistent with other medical evidence, including previous GAF scores of 60 and 67 assigned to plaintiff respectively by Dr. Sacks in 1999, and Lisa Wang, M.D., in 2001. AR. 16. In addition, the ALJ noted Dr. Guardabalene's "objective psychological testing" indicated "significant exaggeration, . . . over-reporting . . . [and] feigning of psychological symptoms" sufficient to justify a provisional diagnosis of malingering. AR. 16, 262-63. Dr. Guardabalene, himself, concluded that the provisional malingering diagnosis "clouded the credibility" of the history given to him by plaintiff.

12 - OPINION AND ORDER

On this record, I conclude the ALJ did not err in giving little weight to the GAF score Dr. Guardabalene assigned to plaintiff and his resulting prognosis regarding plaintiff's limited ability to sustain employment.

4. **Evaluation of Plaintiff's Testimony.**

Plaintiff asserts the ALJ erred in determining that plaintiff was able to perform work-related activities based on her testimony regarding her daily activities. Specifically, plaintiff objects to the ALJ's finding that she "is capable of at least light exertion and her mental impairments cause mild restriction in her daily activities, moderate difficulties in her ability to maintain social functioning, and mild to moderate difficulties in her ability to maintain concentration, persistence, and pace." AR. 15. Accordingly, the ALJ found plaintiff capable of performing light work of a simple nature as long as she works alone without public contact.

Based on the record as a whole, including plaintiff's medical history, medical reports, medical evaluations, and her own testimony, I find that there is substantial evidence to support the ALJ's finding as to plaintiff's ability to engage in light work subject to the conditions the ALJ identified.

5. **Vocational Expert Testimony.**

Plaintiff asserts the ALJ posed hypothetical questions to the vocational expert regarding plaintiff's physical and mental

13 - OPINION AND ORDER

limitations that did not fully describe all of plaintiff's impairments. According to plaintiff, when her attorney included all such limitations, the vocational experts responded that a person with those limitations would not be able to work.

The ALJ's ultimate hypothetical to the vocational expert included the following limitations: (1) light exertion only, (2) simple, routine, repetitive work with little, if any, public contact, and (3) primarily working alone, with brief interactions with coworkers. Confronted with these limitations, the vocational expert testified plaintiff could work as a packager and folder. AR. 398-99.

Plaintiff's counsel then asked a hypothetical that included the above limitations and an additional limitation that the plaintiff could not complete tasks requiring frequent attention to detail, meaning more than one-third of the working day. The vocational expert responded that plaintiff, with the additional limitation, would be unemployable. Finally, plaintiff' counsel asked the vocational expert to assume also limitations that would require the job to be unskilled, without distractions, with low stress, a restriction on the ability to be around supervisors, and productivity of only 75% of other workers. Again, the vocational expert testified that plaintiff, with those limitations, would be unemployable.

I find the ALJ's hypothetical reasonably stated plaintiff's work limitations, taking into consideration his finding that plaintiff exaggerated the severity of her symptoms and her disability. I also find there is no support in the record, particularly in light of my rulings above, to support the additional limitations that plaintiff's counsel requested the vocational expert to assume.

Accordingly, I find the ALJ's hypothetical to the vocational expert reasonably set forth the plaintiff's physical and mental impairments and resulting work limitations.

6. **Sufficiency of Evidence**.

Plaintiff asserts the ALJ's findings as a whole are not supported by substantial evidence in the record. This argument essentially incorporates all of plaintiff's previous arguments that I have rejected. Accordingly, I conclude this last argument has no merit.

### CONCLUSION

For all the reasons state above, I **AFFIRM** the final decision of the Commissioner.

IT IS SO ORDERED.

DATED this 12 day of July, 2005.

                                          _/s/ Malcolm F. Marsh_____
                                          MALCOLM F. MARSH
                                          United States District Judge